# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD ALLEN SMITH, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 11-0997 (ABJ) |
| | ) |
| UNITED STATES DEPARTMENT | ) |
| OF JUSTICE *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

On May 31, 2011, plaintiff filed this action against the United States Department of Justice and several DOJ components under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. [Dkt. #1]. On November 17, 2011, the Executive Office for United States Attorneys and the Federal Bureau of Investigation moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), and the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") moved for summary judgment under Fed. R. Civ. P. 56. [Dkt. 17]. On November 22, 2011, the Drug Enforcement Administration ("DEA") moved for summary judgment as well. [Dkt. 20]. On each occasion, the Court notified the plaintiff, in accordance with *Fox v. Strickland,* 837 F. 2d 507 (D.C. Cir. 1988) and *Neal v. Kelly,* 963 F. 2d 453 (D.C. Cir. 1992), that he was required to respond by a certain date, and that, pursuant to the court's Local Rules, if plaintiff failed to file a timely response, "the court will treat defendants' motion as conceded and may either summarily dismiss the claims against the moving defendants or enter judgment in their favor." [Dkt. 19 and 21]. The orders set forth the text of Rule 56, accompanied by the following explanation:

> Plaintiff should be advised that on a motion for summary judgment, "any factual assertion in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." . . . Thus, parties such as plaintiff, who are on the opposing side of a motion for summary judgment must rebut the moving party's affidavits with evidence, such as other affidavits or sworn statements; mere statements that the moving party's affidavits are inaccurate or incorrect are not sufficient.

*Id.*

Plaintiff did not file any opposition to the pending motions, and on February 3, 2012, several weeks after the oppositions were due, the Court granted the motions, including the motion for summary judgment filed by the DEA, as conceded. *See* Memorandum Opinion and Order [Dkt. # 22 and 23]. Ten days later, plaintiff filed a motion for enlargement of time by which to file his opposition, requesting an additional 60 days. [Dkt. # 24]. The Court construed the motion to be a motion seeking relief under Fed. R. Civ. P. 60(b), but it declined to vacate the dismissal order since plaintiff had not demonstrated the existence of a meritorious claim or grounds to oppose the motion upon which the Court dismissed the complaint. *See* Order dated February 16, 2012 [Dkt. # 25], citing *Murray v. District of Columbia,* 52 F. 3d 353, 355 (D.C. Cir. 1995). However, the Court denied the motion "without prejudice to plaintiff's filing, within 60 days of this order, a Rule 60(b) motion with his proposed opposition as an attachment." *Id.* Plaintiff never filed his proposed opposition to the summary judgment motion; instead, he appealed the judgment and the February 16, 2012 order denying reconsideration. So plaintiff has never supplied the court with any evidence to rebut the material proffered in support of the defendants' motions for summary judgment.

On January 3, 2013, the United States Court of Appeals for the District of Columbia Circuit vacated this Court's judgment and remanded the case for consideration of "the effect of the 2010 amendments to Federal Rule of Civil Procedure 56 and 'state on the record the reasons

for granting or denying the [summary judgment] motion.' " Order, No. 12-5078 (D.C. Cir. Jan. 3, 2013) (quoting Fed. R. Civ. P. 56(a)).[1]

**A. Summary Judgment in a FOIA Case**

Rule 56 provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must support the assertion that no facts are in dispute by "citing to particular parts of materials in the record, including . . . affidavits." Fed. R. Civ. P. 56(c)(1)(A). The non-moving party has the burden "to produce admissible evidence establishing a genuine issue of material fact." *Bush v. District of Columbia*, 595 F.3d 384, 386 (D.C. Cir. 2010), citing *Celotex v. Catrett*, 477 U.S. 317, 324 (1986). If the nonmoving party fails to "make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof," then the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323. The Supreme Court defines material facts as "those that might affect the outcome of the suit under governing law," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and a dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," the court has four options, namely, to give the party "an opportunity to properly support or address the fact," consider the fact undisputed, "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it . . . or issue any other appropriate order." Fed. R. Civ. P. 56(e).

---

[1] The Court of Appeals did not take issue with that portion of the Court's order granting motions filed under Rule 12(b)(6).

In a FOIA case, the Court may grant summary judgment based on the information provided in affidavits or declarations when they describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record [or] by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.' " *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991), quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981).

## B. The Relationship between Rule 56 and the Local Rules

In *Grimes v. District of Columbia,* 923 F. Supp. 2d 196 (D.D.C. 2013), another court in this District considered the question posed by the Court of Appeals in the remand in this case, and it examined the relationship between the amendments to the Federal Rule and the Local Rule that permits a court to treat a summary judgment motion as conceded. The Court stated:

> The 2010 Amendments to Federal Rule of Civil Procedure 56 ("Rule 56") and the accompanying Advisory Committee Notes do not prohibit this Court from granting summary judgment where, as here, the nonmovant fails to demonstrate a genuine dispute as to any material fact. Indeed, Rule 56(a) provides that summary judgment "*shall* [be] grant[ed]" where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphasis added). Rule 56(c) permits the movant to demonstrate "the absence . . . of a genuine dispute" by showing "that [the nonmovant] cannot produce admissible evidence to support" the presence of a genuine dispute. Fed. R. Civ. P. 56(c)(1)(B). Rule 56(c) additionally requires the nonmovant to demonstrate the presence of a genuine dispute by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A).
>
> Where, as here, the nonmovant has "fail[ed] to properly support [the movant's] assertion of fact . . . as required by Rule 56(c)," Rule 56(e)

4

> permits this Court to "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P 56(e)(2). The Advisory Committee Notes state that Rule 56(e)(2) "authorizes the court to consider a fact undisputed for purposes of the motion when response or reply requirements are not satisfied." Fed. R. Civ. P. 56(e) advisory committee notes (2010 Amendment). The Advisory Committee Notes further state that "[t]his approach reflects the 'deemed admitted' provisions in many local rules." *Id.* Here, Local Civil Rule 7(b), which concerns motions generally, and Local Civil Rule 7(h), which concerns motions for summary judgment, can be construed and applied consistently with Rule 56(e).

*Id.* at 198.

This Court agrees with that analysis. A non-moving party's complete failure to come forward with evidence to demonstrate the existence of a genuine issue of material fact constitutes a "reason" for the grant of summary judgment under the amended rule.

## C. The Defendants' Summary Judgment Motions

Moreover, in this case, the record contains sufficient grounds for the entry of judgment in the defendants' favor. Summary judgment was sought on the defendants' processing of plaintiff's separate FOIA requests for DEA records and ATF records.

### 1. DEA Records

In support of its summary judgment motion, DEA proffered the declaration of William C. Little, Jr. [Dkt. # 20-4] to explain that agency component's handling of plaintiff's FOIA request. On November 16, 2009, plaintiff requested from DEA "any and all" information "that relates to me. More specifically, I request any information . . . related to the investigation and prosecution of me by West Virginia State and Federal law enforcement agencies for narcotics and firearms offenses." Little Decl., Ex. A. Following a search of its files containing "criminal investigative records," *id*. ¶¶ 22-23, 28, DEA located responsive pages. *Id*. ¶ 28.

On April 1, 2010, DEA released 34 pages to plaintiff in whole or in part, withheld 35 pages, and referred 32 pages to other agency components. *Id*. ¶¶ 15-18, 29 & Ex. D. DEA

5

informed plaintiff that it was withholding information under FOIA exemptions 2, 7(C), 7(D) and 7(F) set out at 5 U.S.C. § 552(b). On that same date, DEA properly referred thirteen pages to the Executive Office for United States Attorneys, Little Decl., Ex. E., seventeen pages to the FBI, Ex. F., and two pages to the United States Marshals Service, Ex. G. Each referral was done with the understanding that the respective component would process the pages and provide a direct response to the requester. *See* 28 C.F.R. § 16.4(c) (authorizing a DOJ component to refer records in its possession to another component or U.S. agency upon a determination that the other entity "is better able to determine whether the record is exempt from disclosure and, if so, whether it should be disclosed as a matter of administrative discretion"); *id*. § 16.4(d) (requiring the "receiving component" of a request for law enforcement information not originating there to refer or consult the component or agency from where such information originated).

DEA's unrefuted declaration shows that a reasonably adequate search for responsive records was conducted and records were retrieved. *See* Little Decl. ¶¶ 23-29. Plaintiff has come forward with no evidence to rebut the assertions in the declaration and accompanying *Vaughn* index that DEA properly withheld information under FOIA exemptions 7(C), 7(D), 7(E), and 7(F) and that all reasonably segregable information was released to plaintiff. *See Id*. ¶¶ 45-77. Hence, the Court concludes that DEA, having satisfied its disclosure obligations, is entitled to judgment as a matter of law.

**2. ATF Records**

In support of its summary judgment motion, ATF proffered the declaration of Averill P. Graham [Dkt. # 17-7] to explain that agency component's handling of plaintiff's FOIA request also dated November 16, 2009, that sought the same information plaintiff had requested from DEA. Plaintiff stated that the investigation by "West Virginia State and Federal law

enforcement agencies for narcotics and firearms offenses" had occurred between January 1, 1995 and January 1, 2002. Graham Decl., Ex. A. On January 29, 2010, ATF informed plaintiff that "despite a diligent search," it was unable to locate his investigative file, which "was believed to [have been] inadvertently destroyed." Graham Decl. ¶ 9. However, ATF "print[ed] 13 pages from a computer system of investigative records and provided them to [plaintiff]," with redactions made pursuant to FOIA exemptions 3, 5, 7(C) and 7(E). *Id*. In this litigation, ATF invoked exemption 6 "as an added authority for the redaction of the names of third party individuals . . . ." *Id*., n.1.

ATF's unrefuted declaration shows that a reasonably adequate and good-faith search for responsive records was conducted and that "the only responsive records still existing" were produced. Graham Decl. ¶¶ 14-21. In addition, ATF has provided a reasonable explanation of why plaintiff's investigative file might have been destroyed "in error." *Id*. ¶ 19. Plaintiff has come forward with no evidence to rebut the assertions in the declaration and accompanying *Vaughn* index that ATF properly withheld information under FOIA exemptions 3, 5, 6, 7(C) and 7(E) and that all reasonably segregable information was released to plaintiff. *See Id*. ¶¶ 23-47. Hence, the Court concludes that ATF, having satisfied its disclosure obligations, is also entitled to judgment as a matter of law.

For the foregoing reasons, the Court finds on the unrefuted factual record that DEA and ATF are entitled to judgment as a matter of law. A separate judgment accompanies this Memorandum Opinion.

_____s/_____
AMY BERMAN JACKSON
United States District Judge

DATED: October 17, 2013

7